NEMO J. NICOLAI, PETITIONER-APPELLANT, v. FEDDERS QUIGAN CORPORATION, RESPONDENT-RESPONDENT.

Mercer County Court
Law Division

Decided February 3, 1956.

*Messrs. Dileo and Petito (Mr. Matthias D. Dileo* appearing), attorneys for petitioner-appellant.

*Mr. John F. Leonard,* attorney for respondent.

BENNETT, J. C. C. Petitioner, on September 3, 1953, caught his right thumb in a Bausch machine, as a result of which he sustained an amputation of a portion of the distal phalanx (the one closest to the end). A surgical amputation of the entire bony distal phalanx, and a portion of the proximal phalanx (the second one) for cosmetic and therapeutic purposes followed, and respondent paid at the rate of 50%, which is the statutory rate for a distal phalanx. Petitioner, however, seeks a 100% allowance based on the removal of the proximal phalanx.

The gauge for compensation is established by *R. S.* 34:15–12(*j*) providing as follows:

"The loss of the first phalange and any portion of the second shall be considered as the loss of the entire finger or thumb * * *."

The deputy director, in a memorandum dismissing petitioner's claim for 100% disability of the thumb, observed that the injury was limited to the terminal or distal phalanx, that the proximal phalanx was not involved, and that Dr. Finegan, in order to perform a proper surgical amputation, removed a minute amount of bone or cartilage at the end of the proximal phalanx without limitation of the motion in the remaining portion. The deputy director, in his order of dismissal, relied upon the fact that the accident did not involve the proximal phalanx and that surgery did not impair its usefulness, and he expressed the opinion that the statute did not embrace surgical enlargements for therapeutic-cosmetic reasons.

Dr. Finegan, a witness for the respondent, testified at the hearing that a phalanx must be evaluated as bone, cartilage, ligaments, tendons, blood vessels, nerves and skin, and that part of the distal phalanx, within the terms of this definition, still remains following surgical intervention.

In the case of *Kiczko v. Baylis Co.*, 20 *N. J. Misc.* 323 (*W. C. B.* 1942), it was established that the schedule for compensation is not dependent upon evidence of loss of efficiency of a member, but upon whether there has been the loss of any portion of a member as specified in the statute,

*supra.* In the case of *Ciotti v. Jarecki Mfg. Co.*, 128 *Pa. Super.* 233, 193 *A.* 323 (*Pa. Sup. Ct.* 1937), the petitioner's left thumb was caught in a machine and crushed almost to the joint, and at the hospital the doctor removed the entire distal phalanx and about one-fifth of the proximal phalanx in order to get a good stump on the end of the part that was left; and it was held that the Pennsylvania statute contemplated that when more than the first phalanx was missing, disability should be granted for the entire thumb.

The inquiry is surprisingly novel in this jurisdiction and little assistance has been found in our case law which accounts for the paucity of references herein. It is felt that the deputy director erred in his reliance upon continued efficiency of the proximal phalanx, and that the claim that a phalanx must be regarded as a combination of components is not helpful inasmuch as if the excision were lateral, all components in part might well survive. It appears to this court that the problem is whether or not surgical extension of the original injury for therapeutic or cosmetic purposes is the proximate result of the incident complained of. The answer being in the affirmative, the decision of the deputy director is reversed and it is requested that counsel submit an order consistent with the views herein expressed.